UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **Roxette Velazquez,** *Plaintiff,* v. **Experian Information Solutions, Inc.,** *Defendant.* | Case No:   8:24-cv-421 **JURY TRIAL DEMANDED** |

COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **Roxette Velazquez** ("**Ms. Velazquez**"), by and through her attorneys, Seraph Legal, P.A., and complains of the Defendant, **Experian Information Solutions, Inc.** ("**Experian**"), stating as follows:

PRELIMINARY STATEMENT

1. This is an action brought by Ms. Velazquez against Experian for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("**FCRA**").

JURISDICTION AND VENUE

2. Subject matter jurisdiction over Plaintiff's FCRA claims exists pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331, as the FCRA is a federal statute.

3. Experian is subject to the provisions of the FCRA and to the jurisdiction of this Court pursuant to Fed. R. Civ. P. 4(k) and § 48.193, Fla. Stat.

4.     Venue is proper in Middle District of Florida, pursuant to 28 U.S.C. § 1391(b)(2), because the events giving rise to this cause of action occurred within this District.

## PARTIES

5.     **Ms. Velazquez** is a natural person residing in the city of Lakeland, Polk County, Florida.

6.     Ms. Velazquez is a *Consumer* as defined by 15 U.S.C. § 1681a(c).

7.     **Experian** is an Ohio corporation, with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

8.     Experian is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 32301.

9.     Experian is a nationwide *Consumer Reporting Agency* ("**CRA**") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet.

## FACTUAL ALLEGATIONS

10. In or around March 2017 Ms. Velazquez obtained an auto loan from Nissan Motor Acceptance Corporation ("**Nissan**").

11. Around March 2018, Ms. Velazquez allegedly became delinquent on the account (the "**Debt**" or "**alleged Debt**"). **SEE PLAINTIFF'S EXHIBIT A.**

12. Sometime in March 2021, Nissan sold the Debt to NCB Management Services ("**NCB**").

13. Shortly thereafter, NCB began reporting the Debt, monthly, to Experian. **SEE PLAINTIFF'S EXHIBIT A.**

14. NCB reported to Experian that Ms. Velazquez owed $15,561 and the original creditor as "Nissan Motor Acceptance Corpor." *Id.*

### Duplicate Tradelines

15. Despite transferring the Debt for collection to NCB, Nissan continued to simultaneously report the Debt to Experian, creating duplicate tradelines on Ms. Velazquez's Experian report.

16. As both iterations of the Debt tradeline were derogatory, the duplication of the negative data had a catastrophically negative effect on Ms. Velazquez's credit reports and scores, since almost all consumer credit scores, including FICO® and Vantage®, heavily consider the *number* of derogatory tradelines.

17. Additionally, anyone viewing Ms. Velazquez's credit report would falsely conclude that she owed two different debts to two different creditors, totaling $31,351, instead of a singular debt of $15,561 or $15,790.

18. Both the NCB tradeline and the Nissan tradeline had the same identical account number. *Id.*

19. On information and belief, Experian's automated systems do not flag accounts as duplicate when reported from different furnishers.

20. Experian's automated system incorporated the data on both tradelines into Ms. Velazquez's file and sold it in reports produced about her.

21. Both Nissan and NCB reported the Debt as a joint account – and indicated the joint account holder was Emilio Feliciano, Ms. Velazquez's significant other.

## Ms. Velazquez's Disputes of the Debt

22. In August 2023 Ms. Velazquez disputed NCB's tradeline to Experian, specifically mentioning the tradeline had been duplicated and that the same debt appeared multiple times on her report.

23. Experian, upon receipt of Ms. Velazquez's dispute, sent NCB an *Automated Consumer Dispute Verification* Request ("**ACDV**") form through an online platform known as e-OSCAR, asking NCB to make a reasonable investigation into the dispute.

24. NCB responded to the ACDV, stating that the accuracy of the reported information *could be* verified and continued to report its tradeline, although it indicated its reported information required minor updates, such as a more recent "date last reported."

25. Ms. Velazquez made a subsequent dispute concerning the NCB tradeline to Experian in September 2023, reiterating the alleged Debt was duplicative of Nissan's own tradeline simultaneously reporting a balance owed.

26. NCB verified this second dispute as "accurate," as well.

27. The FCRA requires that a CRA, such as Experian, conduct its own investigation into a consumer dispute. 15 U.S.C. § 1681i.

28. Thus, upon receipt of Ms. Velazquez's disputes of the NCB tradeline, Experian was legally required to investigate each of the disputes.

29. However, on information and belief, Experian relied almost solely upon the "verifications" of NCB.

30. On information and belief, the only investigation Experian made of its own was a computerized verification of Ms. Velazquez's name, address, date of birth, and Social Security number contained in the NCB tradeline against Experian's own records.

31. At no point did Experian consider, much less investigate, the crux of Ms. Velazquez's dispute—that the information reported was duplicated.

32. For at least the last 35 years, courts in this district have recognized that a CRA cannot rely upon its data furnisher exclusively, when the consumer disputes the accuracy of the furnisher's version of events and provides evidence to the contrary. The CRA must make some independent investigation of its own. *Swoager v. Credit Bureau of Greater St. Petersburg*, 608 F. Supp. 972 (M.D.Fla.1985).

33. Experian thus failed to conduct a reasonable investigation into Ms. Velazquez's disputes of the NCB tradeline, as any reasonable investigation would have determined that NCB was reporting the same account as Nissan, and that at least one of the tradelines needed to be suppressed.

### Experian's Failure to Use Reasonable Procedures

34. Records from Experian indicate that it has sold at least forty-seven (47) consumer reports regarding Ms. Velazquez in the last two years, more than twenty-five (25) of which were "hard inquires" in response to an application for credit by Ms. Velazquez.

35. Each of the consumer reports sold by Experian included the duplicate tradelines and were therefore inaccurate.

36. Experian failed to use reasonable procedures when producing the reports, even after having been placed on notice repeatedly by Ms. Velazquez.

37. As a result of the Experian's conduct, Ms. Velazquez has suffered an impaired ability to obtain credit, severe emotional distress, embarrassment,

damage to her reputation and has spent significant time and money to force the Defendant to comply with its statutory obligations and to engage attorneys.

38. Ms. Velazquez has hired the aforementioned law firm to represent her in this matter and has assigned her right to fees and costs to such firm.

## COUNT I
## EXPERIAN'S WILLFUL VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681e(b)

39. Ms. Velazquez adopts and incorporates paragraphs 1 – 38 as if fully stated herein.

40. Experian violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Ms. Velazquez when it sold reports containing both the Nissan and NCB tradelines, when both tradelines represented the same underlying account, despite having been placed on notice through numerous disputes that these tradelines represented the same underlying account.

41. Experian has been sued on numerous occasions for reporting duplicate tradelines and is aware that its systems for ensuring accuracy are flawed and do not flag such information when reported to it by different furnishers of data.

42. Experian's conduct was thus willful and intentional, or, alternately, was done with reckless disregard for its duties under the FCRA to provide reports with maximum possible accuracy.

43. Accordingly, Experian is liable, pursuant to 15 U.S.C. § 1681n, for the greater of Ms. Velazquez's actual damages or statutory damages of $1000 per violation, plus punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE**, Ms. Velazquez respectfully requests this Honorable Court enter judgment against Experian for:

    a. The greater of statutory damages of **$1,000** per incident or Ms. Velazquez's actual damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

    d. Such other relief that this Court deems just and proper.

## COUNT II
### EXPERIAN'S NEGLIGENT VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681e(b)

44. Ms. Velazquez adopts and incorporates paragraphs 1 – 38 as if fully stated herein.

45. Experian violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of consumer reports sold regarding Ms. Velazquez when it sold reports containing both the Nissan and NCB tradelines, when both tradelines represented the same

underlying account, despite having been placed on notice through numerous disputes that these tradelines represented the same underlying account.

46. Experian owed Ms. Velazquez a legal duty to utilize reasonable procedures to assure the maximum possible accuracy of consumer reports sold regarding Ms. Velazquez.

47. Experian breached this duty when it sold consumer reports containing a duplicate tradeline regarding an auto loan issued by Nissan with a charged-off balance.

48. Experian thus acted negligently, and accordingly, Experian is liable, pursuant to 15 U.S.C. § 1681o, for Ms. Velazquez's actual damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Ms. Rambo respectfully requests this Honorable Court enter judgment against Experian for:

a. Ms. Rambo's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c. Such other relief that this Court deems just and proper.

## COUNT III
## EXPERIAN'S WILLFUL VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681i(a)(1)(A)

49. Ms. Velazquez adopts and incorporates paragraphs 1 – 38 as if fully stated herein.

50. Experian violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed to conduct a reasonable investigation into at least two disputes by Ms. Velazquez since August 2023. Had Experian conducted a reasonable investigation into any of these disputes, it would have deleted the repetitive tradelines; however, Experian instead incorporated both iterations of the tradeline into its reports sold on Ms. Velazquez.

51. Experian has been sued in the past for failing to reasonably investigate a consumer dispute and for relying on ACDV responses from data furnishers.

52. Experian's conduct was therefore willful, or done with a reckless disregard for Ms. Velazquez's rights under the FCRA.

53. Accordingly, pursuant to 15 U.S.C. § 1681n, Experian is liable to Ms. Velazquez for the greater of her actual damages and statutory damages of up to $1,000, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE,** Ms. Velazquez respectfully requests this Honorable Court enter judgment against Experian for:

    a.    The greater of statutory damages of **$1,000** per incident or Ms. Velazquez's actual damages pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    b.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    c.    Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3); and,

    d.    Such other relief that this Court deems just and proper.

## COUNT IV
## EXPERIAN'S NEGLIGENT VIOLATIONS OF THE FCRA - 15 U.S.C. § 1681i(a)(1)(A)

54.    Ms. Velazquez adopts and incorporates paragraphs 1 – 38 as if fully stated herein.

55.    Experian violated **15 U.S.C. § 1681i(a)(1)(A)** when it failed to conduct a reasonable investigation into at least two disputes by Ms. Velazquez since August 2023. Had Experian conducted a reasonable investigation into any of these disputes, it would have deleted the repetitive tradelines; however, Experian instead incorporated both iterations of the tradeline into its reports sold on Ms. Velazquez.

56.    Experian owed Ms. Velazquez a legal duty to conduct a reasonable investigation into her disputes.

57.    Experian breached this duty when it verified its reporting as accurate and failed to delete the repetitive tradelines.

58. Experian's conduct was thus negligent, and pursuant to 15 U.S.C. § 1681o, Experian is liable to Ms. Velazquez for her actual damages, as well as her reasonable attorney's fees, and costs.

**WHEREFORE,** Ms. Velazquez respectfully requests this Honorable Court to enter judgment against Experian for:

a. Ms. Velazquez's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. §1681o(a)(2); and,

c. Such other relief that this Court deems just and proper.

## JURY TRIAL DEMANDED

Ms. Velazquez hereby demands a trial by jury on all issues so triable.

Respectfully submitted on **February 15, 2024**, by:

    **SERAPH LEGAL, P. A.**

    */s/ Fethullah Gulen*
    Fethullah Gulen, Esq. (lead)
    Florida Bar No.: 1045392
    FGulen@seraphlegal.com
    Bryan J. Geiger, Esq.
    Florida Bar No. 119168
    2124 W. Kennedy Blvd., Suite A
    Tampa, FL 33606
    Tel: 813-567-1230
    Fax: 855-500-0705
    *Attorneys for Plaintiff*

**ATTACHED EXHIBIT LIST**

A    Ms. Velazquez's Experian Consumer Disclosure, August 23, 2023, Nissan Tradeline and NCB Tradeline – Excerpts